JOURNAL ENTRY AND OPINION
Plaintiff-mother Ella See filed this divorce action against defendant-father Willis See. As relevant to the issues raised in this appeal, the parties had two boys, ages seven and thirteen, at the time. The parties disputed custody of the boys, and agreed to undergo psychological testing to determine the custody issue. During the course of the divorce proceedings, a social worker from Family Conciliation Services prepared a report in which she said that the older of the two boys had difficulty handling stressful situations something the boy's psychologist labeled phobic-counterphobiccompulsive behavior pattern. This caused the older boy to lack an appropriate outlet for his emotions, resulting in outbursts. The social worker found the younger boy suffered from juvenile diabetes, but appeared to be well-adjusted and doing very well in school. The social worker recommended that father take custody of the older boy and mother take custody of the younger boy.
Four months after the social worker prepared her report, the court, acting on its own initiative, stated that it received a recommendation from the social worker which suggests that [the older boy] may be experiencing psychological problems and may pose a physical danger to himself or others * * *. The court ordered the parties to undergo psychiatric testing with boy's treating psychologist and abide by the recommendation of the psychologist. Within that same order, the court transferred jurisdiction over the children to the juvenile division and in a separate entry issued the same day, invoked R.C. 3109.06 to find the parties unsuitable to have the parental rights for the care of the minor children and unsuitable to provide the place of residence and unsuitable to be designated Legal Custodian of the minor children.
Husband appeals from the transfer order, maintaining the court lacked any basis for finding him unsuitable to be a parent.
R.C. 3109.06 states, in relevant part:
 Any court, other than a juvenile court, that has jurisdiction in any case respecting the allocation of parental rights and responsibilities or the care of a child under eighteen years of age and the designation of the child's place of residence and legal custodian or in any case respecting the support of a child under eighteen years of age, may, on its own motion or on motion of any interested party, with the consent of the juvenile court, certify the record in the case or so much of the record and such further information, in narrative form or otherwise, as the court deems necessary or the juvenile court requests, to the juvenile court for further proceedings; upon the certification, the juvenile court shall have exclusive jurisdiction.
 In cases in which the court of common pleas finds the parents unsuitable to have the parental rights and responsibilities for the care of the child or children and unsuitable to provide the place of residence and to be the legal custodian of the child or children, consent of the juvenile court shall not be required to such certification. This section applies to actions pending on August 28, 1951. * * * This authority to certify a case to the juvenile division
derives from R.C. 3109.04(D)(2), which states:
 If the court finds, with respect to any child under eighteen years of age, that it is in the best interest of the child for neither parent to be designated the residential parent and legal custodian of the child, it may commit the child to a relative of the child or certify a copy of its findings, together with as much of the record and the further information, in narrative form or otherwise, that it considers necessary or as the juvenile court requests, to the juvenile court for further proceedings, and, upon the certification, the juvenile court has exclusive jurisdiction.
The court's reasons for certifying the case to the juvenile division are something of a mystery. The court said it acted on the recommendation of the social worker, but there is nothing in the record to show the social worker believed the older boy might pose a physical danger to himself or others. The only communication by the social worker is the report she prepared in which she recommended that the parties split possession of the children. It is difficult to believe the social worker, whose opinion the court relied upon, would recommend a custody arrangement if she did not believe the parents were suitable. This letter actually undercuts the court's decision to certify the matter, so there must have been some other communication between the court and the social worker. Unfortunately, the record does not contain this communication, so there is no way to verify its existence.
Moreover, in the same entry transferring jurisdiction to the juvenile division, the domestic relations division had ordered the parties to submit to examination and consultation with the psychologist treating the oldest boy. In fact, the court's order told the parties to abide by the psychologist's recommendations or be in contempt of court. We fail to see why the court would order the parties to undergo examination and consultation with the child's psychologist if it meant to terminate the parties' custody in any event.
It must be in the best interests of the children to issue a finding that neither parent is suitable to have parental rights or be the custodial parent. Because the record in this case fails to justify the court's decision, we sustain father's assignment of error, reverse the order certifying the case to the juvenile division, and remand the matter back to the domestic relations division.
Reversed and remanded.
This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellee his costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, A.J. TIMOTHY E. McMONAGLE, J., CONCUR.
 ____________________ JUDGE JOHN T. PATTON